NOTE: CHANGES MADE BY THE COURT

1  VENABLE LLP
   Alex M. Weingarten (SBN 204410)
2    amweingarten@venable.com
   Jeffrey K. Logan (SBN 136962)
3    jklogan@venable.com
   Rachel M. Bressi (SBN 293932)
4    rmbressi@venable.com
   2049 Century Park East, Suite 2300
5  Los Angeles, CA  90067
   Telephone:   (310) 229-9900
6  Facsimile:    (310) 229-9901

7  Attorneys for Defendants
   Luke Hemmings, Calum Hood, Ashton Irwin,
8  Michael Clifford, 5 Seconds of Summer LLP,
   5SOS LLP, One Mode Productions Limited,
9  Capitol Records, LLC, UMG Recordings, Inc.,
   Vevo LLC, and Spotify USA Inc.

10

11            UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13                  CENTRAL DIVISION

14  WHITE SHADOWS LLC,                    Case No. 2:19-cv-10524-DDP-PLA

15           Plaintiff,                   Hon. Dean D. Pregerson
                                          Courtroom 9C – First Street
16       v.
                                          **STIPULATED PROTECTIVE**
17  LUKE HEMMINGS, CALUM HOOD,            **ORDER**
    ASHTON IRWIN, MICHAEL
18  CLIFFORD, LOUIS BELL, ANDREW
    WOTMAN, ALI TAMPOSI, 5               Action Filed:    July 15, 2019
19  SECONDS OF SUMMER, LLP, 5SOS,        Transferred:     December 12, 2019
    LLP, ONE MODE PRODUCTIONS            FAC Filed:       January 28, 2020
20  LIMITED, RESERVOIR MEDIA             Trial Date:      October 26, 2021
    MANAGEMENT, INC. d/b/a
21  RESERVOIR 416, KOBALT MUSIC
    PUBLISHING AMERICA, INC. d/b/a
22  SONGS OF KOBALT MUSIC
    PUBLISHING, SONY/ATV SONGS,
23  LLC, EMI APRIL MUSIC INC.,
    CAPITOL RECORDS, LLC, UMG
24  RECORDINGS, INC., VEVO LLC,
    SPOTIFY USA INC., and APPLE INC.
25
             Defendants.
26

27

28

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

# I.   GENERAL

A.   <u>Purposes And Limitations</u>:  Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section XIII(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

B.   <u>Good Cause Statement</u>:  This action is likely to involve valuable commercial, financial, and/or proprietary information, and/or private and sensitive personal information, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to

STIPULATED PROTECTIVE ORDER

1   keep confidential, to ensure that the parties are permitted reasonable necessary uses

2   of such material in preparation for and in the conduct of trial, to address their

3   handling at the end of the litigation, and serve the ends of justice, a protective order

4   for such information is justified in this matter.  It is the intent of the parties that

5   information will not be designated as confidential or highly confidential for tactical

6   reasons and that nothing be so designated without a good faith belief that it has

7   been maintained in a confidential, non-public manner, and there is good cause why

8   it should not be part of the public record of this case.

9   **II.** **DEFINITIONS**

10      A.   <u>Action</u>:  This pending federal law suit, entitled *White Shadows LLC v.*

11   *Hemmings, et al.*, U.S.D.C. Case No. 2:19-cv-10524-DDP-PLA.

12      B.   <u>Challenging Party</u>:  A Party or Non-Party that challenges the

13   designation of information or items under this Order.

14      C.   <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of

15   how it is generated, stored or maintained) or tangible things that qualify for

16   protection under Federal Rule of Civil Procedure 26(c), and as specified above in

17   the Good Cause Statement.

18      D.   <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House

19   Counsel (as well as their support staff).

20      E.   <u>Designating Party</u>:  A Party or Non-Party that designates information

21   or items that it produces in disclosures or in responses to discovery as

22   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

23   ONLY."

24      F.   <u>Disclosure or Discovery Material</u>:  All items or information,

25   regardless of the medium or manner in which it is generated, stored, or maintained

26   (including, among other things, testimony, transcripts, and tangible things), that are

27   produced or generated in disclosures or responses to discovery in this matter.

28

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

G.   <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

H.   <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>: Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

I.   <u>House Counsel</u>:  Attorneys who are employees of a Party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

J.   <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

K.   <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, including support staff.

L.   <u>Party</u>:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

M.   <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

N.   <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

O.   <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

P.   <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

## III.   <u>SCOPE</u>

A.   The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

B.   Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

## IV.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

**V E N A B L E  L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

4

1  including the time limits for filing any motions or applications for extension of

2  time pursuant to applicable law.

3  **V.   DESIGNATING PROTECTED MATERIAL**

4       A.   Exercise of Restraint and Care in Designating Material for Protection

5            1.   Each Party or Non-Party that designates information or items

6  for protection under this Order must take care to limit any such designation to

7  specific material that qualifies under the appropriate standards.  To the extent it is

8  practical to do so, the Designating Party must designate for protection only those

9  parts of material, documents, items, or oral or written communications that qualify

10  – so that other portions of the material, documents, items, or communications for

11  which protection is not warranted are not swept unjustifiably within the ambit of

12  this Order.

13            2.   Mass, indiscriminate, or routinized designations are prohibited.

14  Designations that are shown to be clearly unjustified or that have been made for an

15  improper purpose (*e.g.*, to unnecessarily encumber the case development process

16  or to impose unnecessary expenses and burdens on other parties) may expose the

17  Designating Party to sanctions.

18            3.   If it comes to a Designating Party's attention that information

19  or items that it designated for protection do not qualify for protection, that

20  Designating Party must promptly notify all other Parties that it is withdrawing the

21  inapplicable designation.

22       B.   Manner and Timing of Designations

23            1.   Except as otherwise provided in this Order (*see, e.g.*, Section

24  V(B)(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery

25  Material that qualifies for protection under this Order must be clearly so designated

26  before the material is disclosed or produced.

27            2.   Designation in conformity with this Order requires the

28  following:

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

STIPULATED PROTECTIVE ORDER

a.     For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

b.     A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

c.     For testimony given in depositions, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 14 days after the court reporter's initial completion and dissemination of the applicable deposition transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 14 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 14 days after the court reporter's initial completion and dissemination of the applicable deposition transcript if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Prior to the expiration of a 14-day period for designation, any transcript shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise

STIPULATED PROTECTIVE ORDER

agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

          d.     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or items is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

     C.     <u>Inadvertent Failures to Designate</u>:  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

     D.     <u>Receiving Party's Right to Designate</u>:  Upon receipt of any Disclosure or Discovery Materials that are not designated at all or are designated "CONFIDENTIAL" by the Producing Party, any Receiving Party may designate qualified information in which they have an interest with a higher level of confidentiality.  The Receiving Party who asserts the higher level of designation shall provide new versions of the Disclosure or Discovery Materials in accordance with the requirements of Section V(B)(2).

## VI.  <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

     A.     <u>Basic Principles</u>

         1.     A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected

8

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below ("Final Disposition").

2.      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B.      Disclosure of "CONFIDENTIAL" Information or Items

1.      Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.      The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.      The Receiving Party and officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c.      Any outside expert or consultant (as defined in this Order) retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (i) such expert or consultant has agreed to be bound by the provisions of the "Acknowledgment and Agreement to Be Bound" by signing a copy of Exhibit A; and (ii) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party;

d.      The Court and its personnel;

e.      Court reporters and their staff;

STIPULATED PROTECTIVE ORDER

f.      Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

g.      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h.      During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

i.      Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

C.      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items

1.      Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

a.      The Receiving Party's Outside Counsel of Record in this action as specified in Exhibit B hereto, as well as employees of said Outside

STIPULATED PROTECTIVE ORDER

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

1  Counsel of Record to whom it is reasonably necessary to disclose the information

2  for this litigation;

3            b.     Any outside expert or consultant (as defined in this

4  Order) retained by the Receiving Party to assist in this action, provided that

5  disclosure is only to the extent reasonably necessary to perform such work; and

6  provided that: (i) such expert or consultant has agreed to be bound by the

7  provisions of the "Acknowledgment and Agreement to Be Bound" by signing a

8  copy of Exhibit A; (ii) such expert or consultant is not a current officer, director,

9  or employee of a Party or of a competitor of a Party, nor anticipated at the time of

10  retention to become an officer, director or employee of a Party or of a competitor

11  of a Party; and (iii) no unresolved objections to such disclosure exist after proper

12  Notice Procedures as described below has been given to all Parties prior to

13  disclosing any Protected Material.  Without the express prior written consent of the

14  Party that produced the Protected Material or failure to respond to proper Notice

15  Procedures as described below within 14 days, no expert or consultant retained by

16  another Party in this matter shall have access to "HIGHLY CONFIDENTIAL –

17  ATTORNEYS' EYES ONLY" Discovery Material produced by another Party in

18  this matter;

19            c.     The Court and its personnel;

20            d.     Court reporters and their staff who have signed the

21  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

22            e.     Professional jury or trial consultants, mock jurors, and

23  Professional Vendors, provided that disclosure is only to the extent reasonably

24  necessary to perform such work and provided that: (i) such person has agreed to be

25  bound by the provisions of the "Acknowledgment and Agreement to Be Bound"

26  by signing a copy of Exhibit A; (ii) such person is not a current officer, director,

27  or employee of a Party or of a competitor of a Party, nor anticipated at the time of

28  retention to become an officer, director or employee of a Party or of a competitor

STIPULATED PROTECTIVE ORDER

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

1  of a Party; and (iii) no unresolved objections to such disclosure exist after proper

2  Notice Procedures as described below has been given to all Parties prior to

3  disclosing any Protected Material.  Without the express prior written consent of the

4  Party that produced the Protected Material or failure to respond to proper Notice

5  Procedures as described below within 14 days, no consultant retained by another

6  Party in this matter shall have access to "HIGHLY CONFIDENTIAL –

7  ATTORNEYS' EYES ONLY" Discovery Material produced by another Party in

8  this matter;

9          f.      The author or recipient of a document containing the

10  information or a custodian or other person who otherwise possessed or knew the

11  information;

12          g.      During their depositions, witnesses, and attorneys for

13  witnesses, and except where the witness is a current employee of the Producing

14  Party of the Protected Material, in the Action to whom disclosure is reasonably

15  necessary provided: (i) such witnesses and attorneys for witnesses have agreed to

16  be bound by the provisions of the "Acknowledgment and Agreement to Be

17  Bound" by signing a copy of Exhibit A; (ii) such witnesses and attorneys for

18  witnesses are not a current officer, director, or employee of a Party or of a

19  competitor of a Party, nor anticipated at the time of retention to become an officer,

20  director or employee of a Party or of a competitor of a Party; and (iii) no

21  unresolved objections to such disclosure exist after proper Notice Procedures as

22  described below has been given to all Parties prior to disclosing any Protected

23  Material.  Without the express prior written consent of the Party that produced the

24  Protected Material or failure to respond to proper Notice Procedures as described

25  below within 7 days, no witnesses and attorneys for witnesses in this matter shall

26  have access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

27  Discovery Material produced by another Party in this matter.  Pages of transcribed

28  deposition testimony or exhibits to depositions that reveal Protected Material may

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

12

1    be separately bound by the court reporter and may not be disclosed to anyone

2    except as permitted under this Stipulated Protective Order; and

3                    h.     Any mediator or settlement officer, and their supporting

4    personnel, mutually agreed upon by any of the parties engaged in settlement

5    discussions.

6         D.    Secure Storage, No Export of "HIGHLY CONFIDENTIAL –

7    ATTORNEYS' EYES ONLY" Information or Items

8         1.    Protected Material must be stored and maintained by a

9    Receiving Party at a location in the United States and in a secure manner that

10   ensures that access is limited to the persons authorized under this Order.  To ensure

11   compliance with applicable United States Export Administration Regulations,

12   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material

13   may not be exported outside the United States or released to any foreign national

14   (even if within the United States).

15   **VII.  NOTICE PROCEDURES PRIOR TO DISCLOSURE**

16        A.     Prior to disclosing any Protected Material to any person described in

17   Section VI(C)(1)(b), (e), or (g) (referenced below as "Person"), the Party seeking

18   to disclose such information shall provide the Producing Party with written notice

19   that includes:

20        1.    the name of the Person;

21        2.    an up-to-date curriculum vitae of the Person, which shall

22   include an identification of any individual or entity with or for whom the Person is

23   or has been employed or to whom the Person provides or has provided consulting

24   services;

25        3.    the present employer and title of the Person; and

26        4.    a list of the cases in which the Person has testified at deposition

27   or trial within the last five (5) years.

28        B.     Further, the Party seeking to disclose Protected Material shall provide

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

1   such other information regarding the Person's professional activities reasonably

2   requested by the Producing Party for it to evaluate whether good cause exists to

3   object to the disclosure of Protected Material to the outside expert or consultant.

4          C.      Within seven (7) days of receipt of the disclosure of a Person

5   identified in Section VI(C)(1)(b), (e) or (g), the Producing Party or Parties may

6   object in writing to the Person for good cause.  In the absence of an objection at the

7   end of the (7) day period, the Person shall be deemed approved under this

8   Protective Order.  There shall be no disclosure of Protected Material to the Person

9   prior to expiration of this seven (7) day period.  If the Producing Party objects to

10   disclosure to the Person within such seven (7) day period, the Parties shall meet

11   and confer via telephone or in person within three (3) business days following the

12   objection and attempt in good faith to resolve the dispute on an informal basis.  If

13   the dispute is not resolved, the Party objecting to the disclosure will have seven (7)

14   days from the date of the meet and confer to seek relief from the Court.  If relief is

15   not sought from the Court within that time, the objection shall be deemed

16   withdrawn.  If relief is sought, designated materials shall not be disclosed to the

17   Person in question until the Court resolves the objection.  **Rule 37 applies.**

18          D.      For purposes of this section, "good cause" shall include an objectively

19   reasonable concern that the Person will, advertently or inadvertently, use or

20   disclose Discovery Materials in a way or ways that are inconsistent with the

21   provisions contained in this Order.

22          E.      Prior to receiving any Protected Material under this Order, the Person

23   must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit

24   A hereto) and serve it on all Parties.

25          F.      An initial failure to object to a Person under this Section shall not

26   preclude the nonobjecting Party from later objecting to continued access by that

27   Person for good cause.  If an objection is made, the Parties shall meet and confer

28   via telephone or in person within seven (7) days following the objection and

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

14

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection.  If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.  **Rule 37 applies.**

G.     For the avoidance of doubt, the requirements under this Section shall not apply to deposition witnesses who are current employees of the Producing Party of the Protected Material.

H.     For the avoidance of doubt, additional disclosure of Protected Material to a Person previously identified in a written notice pursuant to Section VII(A) and approved pursuant to Section VII(B) shall not require further notice to any Party.

## VIII.   <u>CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL</u>

A.     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. **Any challenge made must be consistent with the District Judge's scheduling order.**

B.     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the

objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

        1.     The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

        2.     Failing agreement, the Receiving Party may bring a motion in accordance with Local Rule 37-1 *et seq.* to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

        3.     Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

## IX.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A.     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

        1.     Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

        2.     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

16

1   the subpoena or order is subject to this Protective Order.  Such notification shall

2   include a copy of this Stipulated Protective Order; and

3         3.    Cooperate with respect to all reasonable procedures sought to

4   be pursued by the Designating Party whose Protected Material may be affected.

5       B.    If the Designating Party timely seeks a protective order, the Party

6   served with the subpoena or court order shall not produce any information

7   designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

8   ATTORNEYS' EYES ONLY" before a determination by the Court from which the

9   subpoena or order issued, unless the Party has obtained the Designating Party's

10  permission.  The Designating Party shall bear the burden and expense of seeking

11  protection in that court of its confidential material – and nothing in these

12  provisions should be construed as authorizing or encouraging a Receiving Party in

13  this Action to disobey a lawful directive from another court.

14  **X.**    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

15         **PRODUCED IN THIS LITIGATION**

16      A.    The terms of this Order are applicable to information produced by a

17  Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

18  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced

19  by Non-Parties in connection with this litigation is protected by the remedies and

20  relief provided by this Order.  Nothing in these provisions should be construed as

21  prohibiting a Non-Party from seeking additional protections.

22      B.    In the event that a Party is required, by a valid discovery request, to

23  produce a Non-Party's confidential information in its possession, and the Party is

24  subject to an agreement with the Non-Party not to produce the Non-Party's

25  confidential information, then the Party shall:

26        1.    Promptly notify in writing the Requesting Party and the Non-

27  Party that some or all of the information requested is subject to a confidentiality

28  agreement with a Non-Party;

STIPULATED PROTECTIVE ORDER

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

2.    Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    Make the information requested available for inspection by the Non-Party, if requested.

C.    If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.  **Rule 37 applies.**

## XI.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (1) notify in writing the Designating Party of the unauthorized disclosures; (2) use its best efforts to retrieve all unauthorized copies of the Protected Material; (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (4) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XII.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other

STIPULATED PROTECTIVE ORDER

protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

## XIII.  <u>MISCELLANEOUS</u>

A.  <u>Right to Further Relief</u>:  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B.  <u>Right to Assert Other Objections</u>:  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C.  <u>Filing Protected Material</u>:  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## XIV.  <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in Section IV, within

19

sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV.

## XV.  VIOLATION OF ORDER

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  July 1, 2020

VENABLE LLP

By: /s/ Alex M. Weingarten
      Alex M. Weingarten
      Jeffrey K. Logan
Attorneys for Defendants
Luke Hemmings, Calum Hood, Ashton
Irwin, Michael Clifford, 5 Seconds of

20

Summer LLP, 5SOS LLP, One Mode
Productions Limited, Capitol Records,
LLC, UMG Recordings, Inc., Vevo LLC,
and Spotify USA Inc.

Dated:  July 1, 2020                    PRYOR CASHMAN LLP


By:  /s/ Benjamin S. Akley
       Benjamin S. Akley
Attorneys for Defendants
Louis Bell, Sony/ATV Songs, a division
of Sony/ATV Music Publishing LLC,
EMI April Music Inc.


Dated:  July 1, 2020                    FOX ROTHSCHILD LLP


By:  /s/ David Aronoff
       David Aronoff
Attorneys for Defendants
Andrew Wotman, Ali Tamposi, Reservoir
Media Management, Inc. d/b/a Reservoir
416, Kobalt Music Publishing America,
Inc. d/b/a Songs of Kobalt Music
Publishing


Dated:  July 1, 2020                    REED SMITH LLP


By:  /s/ Lindsey Robin
       Harrison Dossick
       Lindsey Robin*
       *Admitted *Pro Hac Vice*

21
STIPULATED PROTECTIVE ORDER

Attorneys for Defendant
Apple Inc.

Dated:  July 1, 2020                           DAVIDSON SHEEN, LLP

                                               By:   /s/ Brad J. Davidson
                                                     Brad J. Davidson*
                                                     John F. Rabe Jr.*
                                                     *Admitted *Pro Hac Vice*
                                               Attorneys for Plaintiff
                                               White Shadows LLC

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:  June 2, 2020

                                               HONORABLE PAUL L. ABRAMS
                                               United States Magistrate Judge

22

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issue by the United States District Court for the Central District of California on _____ in the case of *White Shadows LLC v. Hemmings, et al.*, U.S.D.C. Case No. 2:19-cv-10524-DDP-PLA.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to access any information or item that designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Stipulated Protective Order in the United States only, and not transport it to or access it from any foreign jurisdiction outside of the United States of America.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

23

STIPULATED PROTECTIVE ORDER

**EXHIBIT B**

**OUTSIDE COUNSEL OF RECORD**

| Party | Attorneys |
|---|---|
| Luke Hemmings, Calum Hood, Ashton Irwin, Michael Clifford, 5 Seconds of Summer LLP, 5SOS LLP, One Mode Productions Limited, Capitol Records, LLC, UMG Recordings, Inc., Vevo LLC, and Spotify USA Inc. | Venable LLP Attorneys Assigned To This Matter |
| Louis Bell, Sony/ATV Songs, a division of Sony/ATV Music Publishing LLC, EMI April Music Inc. | Pryor Cashman LLP Attorneys Assigned To This Matter |
| Andrew Wotman, Ali Tamposi, Reservoir Media Management, Inc. d/b/a Reservoir 416, Kobalt Music Publishing America, Inc. d/b/a Songs of Kobalt Music Publishing | Fox Rothschild LLP Attorneys Assigned To This Matter |
| Apple, Inc. | Reed Smith LLP Attorneys Assigned To This Matter |
| White Shadows LLC | Davidson Sheen LLP and Larson, Garrick & Lightfoot, LLP Attorneys Assigned To This Matter |

24

STIPULATED PROTECTIVE ORDER